Altman v. United States Securities and Exchange Commission

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————————

August Term, 2011

(Submitted: May 25, 2012)                    Decided: June 12, 2012)

Docket No. 11-2074-cv
————————————

STEVEN ALTMAN,

*Plaintiff-Appellant*,

-*v.*-

UNITED STATES SECURITIES AND EXCHANGE COMMISSION, MARY L. SCHAPIRO, CHAIRMAN, ELIZABETH M. MURPHY, SECRETARY,

*Defendants-Appellees*.

————————————

Before:

HALL, CARNEY, *Circuit Judges,* and SCHEINDLIN, *District Judge.*[1]
————————————

Appeal from an order of the United States District Court for the Southern District of New York (Holwell, *J.*) dismissing appellant's complaint for lack of subject matter jurisdiction. Based on the well-reasoned decision of the district court holding that Section 25(a) of the Securities Exchange Act of 1934 precludes appellant from challenging an administrative

---

[1]  The Honorable Shira A. Scheindlin, United States District Court for the Southern District of New York, sitting by designation.

debarment order of the Securities and Exchange Commission in the district court because

Section 25(a) requires review of such orders in a court of appeals, we AFFIRM the dismissal of

appellant's complaint.

AFFIRMED.

_____

Steven Altman, *pro se*, New York, New York, *Plaintiff-Appellant*.

Christopher M. Bruckmann, Senior Counsel, Securities and Exchange
Commission, Washington, D.C. (Mark D. Cahn, General Counsel, Michael
Conley, Deputy General Counsel, Richard M. Humes, Associate General
Counsel, Melinda Hardy, Assistant General Counsel, Donna S. McCaffrey,
Special Trial Counsel, *on the brief*), *for Defendants-Appellees*.

_____

PER CURIAM:

Plaintiff-Appellant Steven Altman, an attorney admitted to practice in New York, appeals

from an order of the district court (Holwell, *J.*) dismissing his complaint for lack of subject

matter jurisdiction because Section 25(a) of the Securities Exchange Act of 1934 provides a

comprehensive remedial scheme that required Altman to appeal an SEC debarment order to a

court of appeals. *See Altman v. SEC*, 768 F. Supp. 2d 554, 558-62 (S.D.N.Y. 2011). Altman

filed the complaint in the district court against the United States Securities and Exchange

Commission ("SEC" or the "Commission") seeking injunctive relief in the form of an order

staying the SEC administrative proceedings against him and compelling the SEC to vacate its

decision sanctioning him with a lifetime ban from practicing before the Commission. At the

time his complaint was filed, the SEC had banned Altman because he had "engaged in unethical

and improper professional conduct while representing [a] prospective witness" in SEC

administrative proceedings, to wit: seeking a financial pay package for his client in exchange for

having his client either (1) evade being subpoenaed to appear before the SEC or (2) in the event his client testified, purposely not cooperate or falsely testify to relevant facts. Finding that Altman's action violated its own rules and the New York Rules of Professional Conduct, the SEC issued a lifetime ban preventing him from ever appearing or practicing again before the SEC, pursuant to Rule 102(e)(1)(ii) of the Commission's Rules of Practice, 17 C.F.R. § 201.102(e)(1)(ii), and Section 4C of the Securities Exchange Act of 1934, 15 U.S.C. § 78d-3(a)(2). In the complaint, Altman contends that the actions of the Commission deprived him of equal protection and due process and that the Commission acted without constitutional or statutory authority in sanctioning him based on violations of New York's disciplinary rules.[2] Section 25(a) of the Exchange Act, however, provides that a "person aggrieved" by a final SEC order obtains "review of the order in the *United States Court of Appeals for the circuit* in which he resides or has his principal place of business, or *for the District of Columbia Circuit.*" 15 U.S.C. § 78y(a)(1) (emphasis added). Review provisions such as this generally preclude *de novo* review in the district courts, requiring litigants to bring challenges "in the Court of Appeals or not at all." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958); *see also Touche Ross & Co. v. SEC*, 609 F.2d 570, 574 (2d Cir. 1979).

Altman argues that the plain language of Section 25(a) does not preclude review in the district court. He also argues that our decision in *Touche Ross*, 609 F.2d 570, supports his position that he need not exhaust administrative remedies or bring an action in a court of appeals.

---

[2]     Altman has since challenged the SEC's order in the Court of Appeals for the D.C. Circuit. There he raised essentially the same arguments as those made to the district court here. The D.C. Circuit has now rejected the arguments and affirmed the lifetime ban. *See Altman v. SEC*, 666 F.3d 1322 (D.C. Cir. 2011).

He contends that the Supreme Court decisions in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and *Free Enterprise Fund v. Pub. Co. Accounting Oversight Bd.*, 130 S. Ct. 3138 (2010), supply the district court with subject matter jurisdiction.

The district court disposed of each of these arguments, holding that Section 25(a) does, under this Circuit's precedent, supply the jurisdictional route that Altman must follow to challenge the SEC action in this case. It also correctly held that the exception identified in *Touche Ross* did not apply, and that none of the factors in *Thunder Basin* / *Free Enterprise* militated in favor of district court jurisdiction. *See Touche Ross*, 609 F.2d at 574 (concluding that, in situations where a litigant challenges a final Commission decision, the litigant must first exhaust administrative remedies); *Free Enterprise*, 130 S. Ct. at 3150 (discussing factors that indicate whether non-exhaustion constitutes a bar).

Having considered the various arguments Altman presents in the instant appeal, we affirm the order of the district court for the reasons set forth in Judge Holwell's thorough and well-reasoned opinion. *See Altman v. SEC*, 768 F. Supp. 2d 554, 558-62 (S.D.N.Y. 2011).