22-750-cv
*Fife v. Financial Industry Regulatory Authority, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

JOHN M. FIFE,

> *Plaintiff-Appellant*,

> v.                                                                22-750-cv

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | MARTIN H. KAPLAN (Kari Parks, *on the brief*), Gusrae Kaplan Nusbaum PLLC, New York, NY. |
| For Defendant-Appellee: | JOHN P. MITCHELL, Faegre Drinker Biddle & Reath LLP, New York, NY. |

1

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John M. Fife ("Fife") appeals from the March 29, 2022, order of the U.S. District Court for the Southern District of New York granting the motion of Defendant-Appellee Financial Industry Regulatory Authority, Inc. ("FINRA") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). On appeal, Fife asserts that the district court has jurisdiction to hear his claim under Section 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78aa. For the reasons set forth below, we disagree. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"We review a district court's grant of a motion to dismiss *de novo*." *Fiero v. Fin. Indus. Regul. Auth., Inc.*, 660 F.3d 569, 573 (2d Cir. 2011). We also review a "district court's legal conclusions, including the interpretation of a federal statute," *de novo*. *Id.*

Fife's complaint seeks a declaratory judgment that FINRA's suspension and bar of Fife are null and void, on the ground that FINRA lacked jurisdiction to take disciplinary action against Fife. App'x at A-24 to -25. Because this contention should properly be contested under the administrative- and judicial-review scheme set forth by the Exchange Act, we conclude that the district court lacked subject-matter jurisdiction over his claim. *See* 15 U.S.C. § 78s(d)(2) (providing for review of FINRA disciplinary actions by the Securities and Exchange Commission ("SEC")); *id.* § 78y(a)(1) (providing for review of SEC final orders in "the United States Court of Appeals"); *see also Altman v. U.S. S.E.C.*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) (noting that

2

under 15 U.S.C. § 78y "district courts lack jurisdiction to hear post-enforcement challenges [by the SEC] seeking declaratory and injunctive relief related to disciplinary proceedings—such challenges must proceed in accordance with the statutory scheme"), *aff'd*, 687 F.3d 44 (2d Cir. 2012) (per curiam).

Notwithstanding Fife's arguments to the contrary, 15 U.S.C. §§ 78s(d)(2) and 78y apply to him. First, Fife asserts that § 78s(d)(2) does not apply because it incorporates § 78s(d)(1), which references "final disciplinary sanction[s] [imposed] on any *person associated with a member*," 15 U.S.C. § 78s(d)(1) (emphasis added), but he was never a FINRA "associated person" nor otherwise under FINRA's jurisdiction. But an agency always has "the primary authority . . . to determine its own jurisdiction."[1] *Fed. Power Comm'n v. La. Power & Light Co.*, 406 U.S. 621, 647 (1972) (internal quotation marks, alteration, and citation omitted).

Second, Fife asserts that § 78y does not apply because it provides appeal procedures for "[a] person aggrieved by a final order of the Commission," 15 U.S.C. § 78y(a)(1), but here there was no SEC "final order." Under the doctrine of exhaustion of administrative remedies, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation marks and citation omitted). We have held the exhaustion requirement to apply to review of disciplinary actions by self-regulatory organizations, such as FINRA. *See Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 57 (2d Cir. 1996), *abrogated on other*

---

[1] Moreover, Fife's challenge to his classification as an "associated person" is not the sort of "constitutional claim[] . . . outside the [SEC's] competence and expertise" that the Supreme Court has permitted to bypass the Exchange Act's exclusive review scheme. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 489–91 (2010). Whether Fife is an "associated person" under the Exchange Act is a fact-bound issue well within the competence and expertise of FINRA and the SEC to resolve in the first instance.

*grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016); *MFS Sec. Corp. v. S.E.C.*, 380 F.3d 611, 621–22 (2d Cir. 2004).   Here, the reason there is no SEC final order is because Fife chose not to appeal the FINRA disciplinary action and thus failed to exhaust.   He cannot now use that decision to skirt the statute's prescribed review process.[2] Accordingly, Fife is subject to the Exchange Act's administrative- and judicial-review scheme, and we affirm the district court's conclusion that it lacked subject-matter jurisdiction to hear his claim.

*          *          *

We have considered Fife's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Although the district court declined to reach the issue of exhaustion, Fife's failure to exhaust after the FINRA bar and suspension is relevant to the jurisdictional question of whether there is a "final order of the Commission" subject to the exclusive review procedures of the Exchange Act, 15 U.S.C. § 78y.

4